IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAY ANGEL DESARDEN, | : | CIVIL ACTION NO. **3:CV-12-1134** |
| Petitioner | : | (Judge Nealon) |
| v. | : | (Magistrate Judge Blewitt) |
| JAMES McGRADY, et al., | : | |
| Respondents | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

On June 15, 2011, Petitioner Jay Angel Desarden ("Petitioner"), an inmate at the State Correctional Institution at Retreat ("SCI-Retreat), Hunlock Creek, Pennsylvania, filed, *pro se*, this action stating that it was a habeas petition brought pursuant to 28 U.S.C. § 2254. (Doc. 1). Also, Petitioner filed a memorandum of law in support of his petition for writ of habeas corpus. (Doc. 2). On June 29, 2011, Petitioner paid the filing fee. (Doc. 4). Petitioner names the following two (2) Respondents: Superintendent of SCI Retreat, James McGrady ("McGrady") and the Pennsylvania Attorney General ("Attorney General") (collectively, "Respondents"). (Doc. 1, p. 1).

On July 10, 2012, the Court issued a Show Cause Order to Respondents. (Doc. 5). After an extension of time was granted, on August 20, 2012, Respondents filed an answer to petition for writ of habeas corpus in opposition to the habeas petition with exhibits. (Doc. 10). Thus, Petitioner's habeas petition is ripe for disposition.

This Court has jurisdiction over Petitioner's habeas corpus petition pursuant to 28 U.S.C. §2254. Petitioner states that he is seeking §2254 habeas relief insofar as he is alleging a violation of the Due Process Clause and the *Ex Post Facto* Clause[1] of the United

---

1. Respondents briefly address an equal protection claim in their answer to petition for writ of habeas corpus in opposition to the habeas petition. (Doc. 10, p. 10). We will address Petitioner's due process and *Ex Post Facto* claims as we do not view Petitioner's habeas petition as having brought forth an equal protection claim.

States and the Pennsylvania Constitutions in that the PA Board of Probation and Parole ("PBPP") sanctioned the petitioner on an eleven (11) year old matter that was withdrawn by the Commonwealth. (Doc. 1, pp. 5-6).

Petitioner did not indicate that he exhausted all his state court remedies with respect to his present claim. (*See* Doc. 1, *generally*).

## II. Claims of Petition for Habeas Corpus.

In his habeas petition, Petitioner essentially alleges that his constitutional rights under the Due Process Clause and the *Ex Post Facto* Clause have been violated by the Respondents. (Doc. 1, pp. 5-6). These alleged constitutional violations stem from the Petitioner being recommitted to the Lackawanna County Prison as a convicted parole violator to serve twenty four (24) months. (Doc. 2). Petitioner avers that he was sentenced in May or June of 1997 to a term of "20 months/4 years 11 months and 29 days." (*Id.*, p.2). On October 17, 1997, Petitioner failed to return to the work release center. (*Id.*). On April 4, 1998, Petitioner was apprehended on a state and federal detainer. (*Id.*). In October or November of 1998, an agreement was struck with federal and state authorities to withdraw the escape charges. (*Id.*). Petitioner never served his original state sentence due to the agreement made with the federal and state authorities. (*Id.*). On June 15, 2009, the Pennsylvania Board of Probation and Parole ("PBPP") lodged a detainer against Petitioner. (*Id.*). On July 23, 2009, Petitioner was arrested in New York for unrelated drug charges. (*Id.*). Petitioner signed extradition papers to be returned to Pennsylvania. (*Id.*). Petitioner served ten (10) months and was paroled to Scranton, Pennsylvania to serve the remainder of his original sentence. (*Id.*, p. 3). Petitioner received notification from the PBPP that he was to be recommitted to the Lackawanna County Prison to serve twenty four (24) months, "when available pending Parole form (or completion of) his state sentence." (*Id.*).

In his Prayer for Relief, the Plaintiff requests the following declaratory relief with respect to his § 2254 claim: [t]hat this Honorable Court issue an Order directing the

Board to correct its error, or any other relief deemed appropriate by this Court. (Doc. 1, p. 14).

**III. Discussion.**

*1. Failure to Exhaust State Court Remedies*

Respondents contend that because Petitioner's challenge is to the PBPP's June 17, 2011 decision recommitting him to the Lackawanna County Prison to serve the remainder of his 1997 sentence, Petitioner was required to seek administrative review by the PBPP in accordance with 37 Pa. Code § 73.1(a). (Doc. 10, p. 5). Petitioner did not seek administrative review with the PBPP and instead, filed a petition in the Commonwealth Court on January 6, 2012. (Doc. 10, p. 6). On March 21, 2012, the Commonwealth Court dismissed the petition for lack of original jurisdiction because Petitioner did not appeal the PBPP's decision to final review through the administrative process. (Commonwealth Court of Pennsylvania Miscellaneous Docket Sheet Number: 13-MD-2012[2]). On April 2, 2012, Petitioner filed an application for reconsideration arguing that the Commonwealth Court misconstrued his claim as a matter regarding his parole revocation instead of challenging his detainer. (*Id.*). The Commonwealth Court denied the motion for reconsideration on the grounds that the PBPP had the authority to lodge a detainer to ensure the inmate's return to state custody. (*Id.*). Petitioner did not appeal to the Pennsylvania Supreme Court. (*Id.*).

Petitioner states that he is seeking §2254 habeas relief insofar as he is alleging that the PA Board of Probation and Parole violated his due process rights and the *Ex Post Facto Clause,* and he is seeking the Court to order the PBPP to correct the error. (Doc. 1, p. 14). As such, Petitioner must satisfy the standards set for by 28 U.S.C. § 2254, which states in part, the following:

---

2. We take judicial notice of the Commonwealth Court of Pennsylvania Miscellaneous Docket Sheet in this matter, which is available through Pennsylvania's Unified Judicial Docket System docket research at http://ujsportal.pacourts.us/Commonwealth Court of Pennsylvania Miscellaneous Docket Sheet Number: 13-MD-2012. See *http://ujsportal.pacourts.us.*

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a .. Court only on the ground that he is in custody in violation of the Constitution or laws or treaties if the United States.
> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a ... court shall not be granted unless it appears that –
> (A) the applicant has exhausted the remedies available [to the petitioner];
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available [to the petitioner].

28 U.S.C. 2254(a) and (b).

Respondents state that Petitioner's habeas petition should be dismissed because he has failed to exhaust his state court remedies with respect to his claims. (Doc. 10, p. 6). Respondents further argue a petitioner in state custody cannot challenge a parole decision without first exhausting all available state remedies made available to him or her. (*Id.*). Petitioner did not seek administrative review with the PBPP. Instead, Petitioner filed a petition in the Commonwealth Court on January 6, 2012. (Commonwealth Court of Pennsylvania Miscellaneous Docket Sheet Number: 13-MD-2012). The Commonwealth Court denied the motion for reconsideration. (*Id.*). Petitioner did not appeal to the Pennsylvania Supreme Court. (*Id.*).

In *Shackleford v. Ebbert*, 2011 WL 1107024, *5 (M.D. Pa. 2011), adopted by 2011 WL 1059732 on 3-23-11, the Court stated:

> [P]risoners seeking relief under Section § 2254 must also satisfy specific, and precise, procedural standards. Among these procedural prerequisites is a requirement that the petitioner "has exhausted the remedies available [to him]" before seeking relief in federal court. 28 U.S.C. § 2254(b). In instances where a prisoner has failed to exhaust the legal remedies available to him in the state courts, federal courts typical will refuse to

4

entertain a petition for habeas corpus. *See Whitney v. Horn*, 280 F.3d 240, 250 (3d Cir.2002).

In *Fells v. Pennsylvania Bd. Of Probation and Parole*, 2012 WL 727904 (M.D. Pa. 2012), the Court stated:

> To properly exhaust a claim involving a determination by the Parole Board, a petitioner first must seek administrative review with the Parole Board within thirty (30) days of the mailing date of the Board's decision. *See* 37 Pa. Code § 73.1(a). Once the Parole Board has rendered a final decision, a petitioner must seek review in the Commonwealth Court. *See* 42 Pa. Cons. Stat. Ann. § 763(a). Unlike appeals and collateral review of convictions, a petitioner challenging the Commonwealth Court's denial of parole relief must seek review in the Pennsylvania Supreme Court in order to satisfy the exhaustion requirement. *Pagan v. Pennsylvania Bd. Of Probation and Parole*, 2009 WL 210488*3(E.D. Pa. January 22, 2009); *see also Brown v. Pennsylvania Bd. Of Probation and Parole*, 2010 WL 2991166 (E.D. Pa. July 28, 2010). If a petitioner fails to seek review from the Supreme Court of Pennsylvania, then the state claim is unexhausted. *See Williams v. Wynder*, 232 Fed. Appx. 177, 181 (3d Cir. 2007).

*Id*. at *3.

In *Bornheimer v. Pennsylvania Board of Probation and Parole*, 183 Fed.Appx. 216, 2006 WL 1371579 (3d Cir. 2006), the Court stated:

> the District Court characterized the avenue of exhaustion as one of appeal although, under Pennsylvania law, parole decisions are 'generally not subject to judicial review **unless** the petitioner asserts a constitutional challenge to the denial of parole or seeks a writ of mandamus to compel the Parole Board to exercise its discretion.' *Richardson,* 423 F.3d at 285, citing *Coady v. Vaughn*, 564 Pa. 604, 770 A.2d 287, 290 (2001). (emphasis added).

We agree with Respondents that Petitioner failed to exhaust his instant claim because he did not invoke a complete round of the state appellate process either by administrative review of the PBPP's action or by appealing the decision of the Commonwealth Court to the Pennsylvania Supreme Court. The Court finds that Petitioner had adequate state court remedies available to him. Before the merits of the petition may be discussed, a federal court must consider whether petitioner has exhausted his administrative and state remedies. Exhaustion is required in habeas cases as a

5

matter of comity in order to give state courts the initial opportunity to correct their own errors. *See Lambert v. Blackwell*, 387 F. 3d 210, 231 (3d Cir. 2004); *Lewis v. Nelson*, 2007 WL 1575061, *2.

Petitioner chose not to avail himself of the state court remedies available to him. Rather, he is requesting this Federal Court to decide his due process and *Ex Post Facto* claims which he had ample time to raise in state court. We find that Petitioner had adequate state court remedies available to him, and that he has not shown either cause for his procedural default of his claim and actual prejudice, or that a fundamental miscarriage of justice will result if the court does not review his claim. *See Favors v. Pennsylvania Dept. Of Corrections,* 2010 WL 5625908 *7 (M.D. Pa. 2010).

As discussed above, since we agree with Respondents that Petitioner failed to exhaust his claims, the Court is not required to address the merits of Petitioner's claim. Nonetheless, we agree with Respondents that Petitioner's claims lack merit.

*2. No Merit To Petitioner's Due Process and Ex Post Facto Claims*

Petitioner avers that Respondents violated both his due process rights and the *Ex Post Facto* Clause of the U.S. and the Pennsylvania Constitutions. The Declaration of Suzanne Wilson, Parole Supervisor for the Scranton, Pennsylvania District Office of the PBPP, attached to the exhibits of Respondent states that Petitioner was paroled to an approved home plan on April 27, 2010. (Doc. 10, Ex. B, p. 3). As part of the terms and conditions of his parole, Petitioner agreed that if he was ever charged with a parole violation arising from conduct in Pennsylvania, the revocation of his parole for a violation could be based solely on documentary evidence. (*Id.*). Ms. Wilson further declares:

> 23. On April 5, 2011, [Petitioner] pled guilty to possession of a controlled substance with the intent to deliver and was sentenced to a term of imprisonment of 2-5 years in a State Correctional Institution.
> ...
> 25. In the plea agreement on the 2011 charges, the District Attorney did not promise to reduce or eliminate the remaining sentence [Petitioner] owed on his 1997 conviction.

> 26. On April 19, 2011, [Petitioner] agreed to waive his right to a revocation hearing before the Board. In that waiver, [Petitioner] admitted that he pled guilty to a charge of possession of a controlled substance with the intent to deliver while under parole supervision.
>
> 27. By committing a drug offense while on parole, [Petitioner] violated the terms and conditions of his parole.
>
> 28. Accordingly, on June 17, 2011, the Board recommitted [Petitioner] to Lackawanna County prison to complete the remaining time on his 1997 conviction as soon as he began available.
>
> 29. As part of that order, the Board recommitted [Petitioner] to serve 24 months back time due to the 2011 conviction.
>
> 30. The Board order does not and cannot increase [Petitioner's] maximum sentence for his 1997 conviction. The 24 months will not be added to [Petitioner's] sentence. Rather, Petitioner must serve at least 24 months of the remainder of his 1997 sentence at the Lackawanna County prison before he is eligible for parole
>
> ...
>
> 32. The withdrawn charge of escape was not a factor in the Board's decision to recommit [Petitioner].

(*Id.*, p. 5).

Respondents argue that Petitioner is under the mistaken belief that the twenty four (24) months of back time ordered by the PBPP was for the escape. Respondents assert that it was for the violation of the conditions of his parole when he plead guilty to possession of a controlled subject with intent to deliver on April 5, 2011. (Doc. 10, p. 9).

Petitioner's claim that Respondents violated his procedural due process rights is not supported by the record which demonstrates that Respondents provided Petitioner with due process required before rescission of parole may occur. *See Morissey v. Brewer*, 408 U.S. 471, 481 (1972); *Johnson v. Dodrill*, No. 3:CV-04-0068 (M.D. Pa. 3-18-04). In *Morissey*, the United States Supreme Court determined that while parole proceedings do not involve rights due all citizens, an inmate is entitled to "some orderly process, however informal" before rescission occurs. 408 U.S. at 481. In *Anderson v. PA Bd. of Probation and Parole*, 2011 WL 2003291, *3 (E.D. Pa. 5-23-11), the Court stated:

> The Supreme Court has held that "the revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations." *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Nonetheless, a parolee facing the prospect of revocation of parole is still entitled to an "informal hearing structured to assure that the finding of a parole violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the parolee's behavior." *Id*. at 484. The "minimum requirements of due process" in such proceedings include:
>> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board …; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Id*. at 489.

We now address the process afforded to Petitioner in this case. Here, Respondents submitted clear evidence that, in accordance with *Morissey*, Petitioner agreed that the PBPP could rely solely on documentary evidence as proof of a parole violation. (Doc. 10, Ex. B, p. 3). Petitioner waived his right to a parole revocation hearing and admitted to the conviction. (*Id*.). Furthermore, the commission of a criminal act while on parole violates the terms of parole. 61 Pa. C.S.A. § 6138(a)(5). Petitioner did not file an administrative appeal of the PBPP's decision and instead filed an appeal in the Commonwealth Court on January 6, 2012. (Doc. 10, p. 6). On March 21, 2012, the Commonwealth Court dismissed the petition for lack of original jurisdiction because Petitioner did not appeal the PBPP's decision to final review through the administrative process. (Commonwealth Court of Pennsylvania Miscellaneous Docket Sheet Number: 13-MD-2012). The PBPP's decision to recommit Petitioner did not violate the due process rights of Petitioner, Petitioner waived his right to a revocation hearing for the parole violation. Thus, Petitioner's claim does not have merit.

Likewise, Petitioner's Ex Post Facto claim lacks merit. In *Farmer v. McVey*, 2011 WL 776210, *6-*7 (M.D. Pa. 2-28-11), the Court recently addressed *Ex Post Facto* claims in the Pennsylvania parole context and stated:

> To show that he was disadvantaged by the change in law or policy, a plaintiff "must show that as applied to his own sentence, the law created a significant risk of increasing his punishment." *Garner,* 529 U.S. at 255. "A speculative or attenuated possibility of increasing the measure of punishment is not enough." *Richardson,* 423 F.3d at 288 (internal quotation omitted). As noted in *Newman,* the Circuit Court "denied an evidentiary hearing in *Richardson* where the habeas petitioner 'provided no evidence, and for that matter ... proffered no allegations, that a 'significant risk' of increased punishment was created by the application of' new parole guidelines." *Newman,* 617 F.3d at 785 (quoting *Richardson,* 423 F.3d at 293)). *Newman* contrasted the grant of habeas relief in *Mickens-Thomas I* where the inmate "presented evidence that he had a significant likelihood of parole under the old policy but was denied parole under a new law, and that the Parole Board had paroled all similarly situated inmates before the change in law." *Newman,* 617 F.3d 775 (citing *Mickens-Thomas I,* 321 F.3d at 387). Finally, *Newman* noted the Circuit Court's observation that "*Mickens-Thomas I* 'may be an exceptional case because of the compelling nature of the evidence of prejudice.' " Newman, 617 F.3d at 785-86 (quoting *Richardson,* 423 F.3d at 293).

To the extent that Petitioner argues that the PBPP applied back time based upon his escape charge, this is incorrect as the PBPP did not include the escape charge in its calculation of Petitioner's time owed on his prior sentence. (Doc. 10, Ex. B, p. 3). We agree with Respondents that Petitioner has failed to prove his *Ex Post Facto* claim and therefore, recommend that it be denied on its merits.

9

**IV. Recommendation.**

Based on the foregoing, we respectfully recommend that Petitioner's Habeas Petition **(Doc. 1)** be dismissed with prejudice since Petitioner has failed to exhaust his available state court remedies. Alternatively, we recommend that Petitioner's habeas petition be denied on its merits. We also recommend that Petitioner's Motion for an Evidentiary Hearing be denied as moot.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: September 28, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAY ANGEL DESARDEN, | : | CIVIL ACTION NO. **3:CV-12-1134** |
| Petitioner | : | (Judge Nealon) |
| v. | : | (Magistrate Judge Blewitt) |
| JAMES McGRADY, et al., | : | |
| Respondents | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **September 28, 2012**.

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: September 28, 2012**