# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON

FEB 0 1 2013

PER _____

DEPUTY CLERK

JAY ANGEL DESARDEN,        :
     Petitioner         :
                       :     CIVIL NO. 3:12-CV-1134
     v.                :
                       :     (JUDGE NEALON)
JAMES MCGRADY, et al.,     :     (MAGISTRATE JUDGE BLEWITT)
     Respondents      :

## MEMORANDUM

On June 15, 2012, Petitioner, Jay Angel Desarden,[1] an inmate currently confined at the

Retreat State Correctional Institution in Hunlock Creek, Pennsylvania filed a petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner challenges the June 2011,

decision of the Pennsylvania Board of Probation and Parole ("the Board") to recommit him as a

parole violator. (Id.); (Doc. 2). On August 20, 2012, Respondents filed a response to the

petition. (Doc. 10). On September 28, 2012, Magistrate Judge Thomas M. Blewitt filed a Report

and Recommendation ("R&R") finding that Petitioner failed to exhaust state court remedies and

that his claims lack merit. (Doc. 11). The Magistrate Judge recommends that the habeas corpus

petition be dismissed. (Id.). No objections to the R&R have been filed and, for the reasons set

forth below, the R&R will be adopted.

**Standard of Review**

When neither party objects to a magistrate judge's report and recommendation, the

district court is not statutorily required to review the report under de novo or any other standard.

Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third

---

[1]Petitioner is also known as Jay Desartin, Axel Desarden, and Angel Gonzalez. See (Doc. 10, Att. 2).

Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied, 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. L. R. 72.3.

**Background**

On January 23, 1996, Petitioner was arrested for felony drug charges in Lackawanna County, Pennsylvania. See Commonwealth v. Desartin, CP-35-CR-147-1996 (Lack. Ct. Com. Pl. filed January 25, 1996). After pre-trial litigation, Petitioner pled guilty on June 27, 1997, to Possession With Intent to Deliver a Controlled Substance, in violation of 35 P.S. §780-113(a)(30), and was sentenced to not less than twenty (20) months nor more than four (4) years, eleven (11) months, twenty-nine (29) days imprisonment. Id.; (Doc. 10; Att. 1). Petitioner was placed in the work release program; but, on October 16, 1997, he failed to return to the work release center and escape charges were subsequently filed. (Doc. 10, Atts. 4, 7). Notably, the Board granted Petitioner conditional parole a week later, but suspended its action when it learned of Petitioner's escape. (Doc. 10, Declaration of Suzanne Wilson).

On May 13, 1998, it was learned that Petitioner was incarcerated in New York on federal

drug charges. (Doc. 10, Att. 7). The escape warrant was therefore faxed to his place of confinement to act as a detainer so Petitioner would be released to Lackawanna County after disposition of his federal charges. (Id.). In the federal case, Petitioner was arraigned on April 6, 1998, and pled guilty on June 18, 1998, to charges of Racketeering, Drug Trafficking, and Use of a Firearm in violation of 18 U.S.C. §§ 1962, 924(c) and 21 U.S.C. § 846. USA v. Desarden, No. 1:97-cr-1143-13 (S.D. N.Y. filed November 20, 1997). At the request of the Assistant United States Attorney prosecuting the New York action, Petitioner's escape charges in Lackawanna County were withdrawn. (Doc. 10, Att. 7). He was sentenced in the United States District Court for the Southern District of New York on April 30, 1999, to a total term of ninety (90) months imprisonment, followed by five (5) years of supervised release. Desarden, No. 1:97-cr-1143-13. In October/November 2007, Petitioner violated the terms of his New York supervision and was sentenced to seven (7) months in prison. Id.

On August 7, 2009, Petitioner was returned to the Lackawanna County Prison to finish serving his original sentence issued June 27, 1997. (Doc. 10, Att. 8). His maximum sentence date was recalculated as November 15, 2012, to reflect the time he was out of state custody due to his escape. (Id.). On February 18, 2010, the Board granted Petitioner conditional parole. (Doc. 10, Declaration of Suzanne Wilson).

On February 16, 2011, Petitioner was arrested in Lackawanna County on new felony drug charges. See Commonwealth v. Desarden, CP-35-CR-655-2011 (Lack. Ct. Com. Pl. filed March 10, 2011). He pled guilty on April 5, 2011, to Possession With Intent to Deliver a Controlled Substance in violation of 35 P.S. §780-113(a)(30), and was sentenced to not less than two (2) nor more than five (5) years imprisonment. See id.

3

As a result of this new conviction, Petitioner violated the terms of his supervision for his 1997 drug sentence. (Doc. 10, Declaration of Suzanne Wilson). Therefore, on June 17, 2011, the Board recommitted Petitioner to complete the remaining time left on his 1997 conviction, which amounted to twenty-four (24) months back time. (Id.). Petitioner acknowledges receiving the Board's decision in July, 2011. (Doc. 2, p. 3).

On or about January 11, 2012, Petitioner filed a petition for review in the Pennsylvania Commonwealth Court challenging the Board's decision to recommit him to serve back time on his original case. (Doc. 10, Att. 19); Desarden v. Commonwealth, No. 13-MD-2012 (Pa. Commw. filed January 6, 2012). Petitioner alleged that the Board's actions were excessive because his original case was eleven (11) years old and because the Commonwealth had reached an agreement with the Assistant United States Attorney in New York that Petitioner's escape charges would be withdrawn. (Id.). On March 21, 2012, the Pennsylvania Commonwealth Court issued an Order dismissing Petitioner's motion for lack of jurisdiction, stating that his claims should have been raised in the Pennsylvania Supreme Court and that the appeal period had lapsed. (Id.), citing McMahon v. Commonwealth, Pennsylvania Bd. of Probation & Parole, 470 A.2d 1337 (Pa. 1983) (holding that an inmate's challenge to the Board's computation of time on a parole violation for subsequent criminal convictions must be raised in a direct appeal to the Pennsylvania Supreme Court pursuant to 42 Pa.C.S. § 763).

On or about April 2, 2012, Petitioner filed a petition for reconsideration alleging that he was not challenging the time computation, rather the delay in issuing a detainer. (Doc. 10, Att. 19). The Pennsylvania Commonwealth Court denied reconsideration on April 5, 2012, explaining that the Board is authorized to lodge a detainer to ensure an inmate's return to the

4

state at the expiration of a federal sentence and to defer proceedings until his return. (Id.) (citing Bellochio v. Commonwealth, Pennsylvania Bd. of Probation & Parole, 559 A.2d 1024 (Pa. Commw. Ct. 1989)).

Petitioner filed the instant petition for writ of habeas corpus on June 15, 2012. (Doc. 1). Petitioner claims that the Board's decision to recommit him as a parole violator to serve twenty-four (24) months back time was in violation of due process, equal protection, and the Ex Post Facto Clause. (Id.); (Doc. 2). Respondents filed a response to the petition on August 20, 2012. (Doc. 10). On September 28, 2012, Magistrate Judge Blewitt filed an R&R concluding that the habeas corpus petition should be dismissed for Petitioner's failure to exhaust state court remedies or, alternatively, because his claims lack merit. (Doc. 11). No objections were filed.

## Discussion

### A.    Petitioner Failed to Exhaust State Court Remedies

In the R&R, Magistrate Judge Blewitt states that federal habeas relief may not be granted to a state inmate unless he has exhausted available remedies; however, the district court may still deny the habeas corpus petition on the merits. (Doc. 11, pp. 3-4) (quoting 28 U.S.C. § 2254(a), (b); Shackleford v. Ebbert, 2011 U.S. Dist. LEXIS 29814 (M.D. Pa. 2011) (Carlson, M.J.), adopted by, 2011 U.S. Dist. LEXIS 29842 (M.D. Pa. 2011) (Caldwell, J.)). The Magistrate Judge, quoting Fells v. Pa. Bd. of Prob. & Parole, 2012 U.S. Dist. LEXIS 29395, *6-7 (M.D. Pa. 2012) (Jones, J.), explains:

> To properly exhaust a claim involving a determination by the Parole Board, a petitioner first must seek administrative review with the Parole Board within thirty (30) days of the mailing date of the Board's decision. See 37 Pa. Code § 73.1(a). Once the Parole Board has rendered a final decision, a petitioner must seek review in the Commonwealth Court. See 42 Pa. Cons. Stat. Ann. § 763(a).

Unlike appeals and collateral review of convictions, a petitioner challenging the Commonwealth Court's denial of parole relief must seek review in the Pennsylvania Supreme Court in order to satisfy the exhaustion requirement. Pagan v. Pennsylvania Bd. Of Probation and Parole, 2009 WL 210488 *3 (E.D. Pa. January 22, 2009); see also Brown v. Pennsylvania Bd. Of Probation and Parole, 2010 WL 2991166 (E.D. Pa. July 28, 2010). If a petitioner fails to seek review from the Supreme Court of Pennsylvania, then the state claim is unexhausted. See Williams v. Wynder, 232 Fed. Appx. 177, 181 (3d Cir. 2007).

(Doc. 11, p. 5).

Magistrate Judge Blewitt determines that Petitioner did not fully exhaust administrative and state court remedies. (Doc. 11, p. 5). Specifically, Petitioner did not seek administrative review by the Board. (Id.); 37 Pa. Code § 73.1(a) (allowing a party to appeal a revocation decision within thirty (30) days of the mailing date of the Board's order). Further, after the Commonwealth Court[2] denied his motion for reconsideration, Petitioner did not file an appeal to the Pennsylvania Supreme Court. (Id.); 42 Pa. C.S. § 723 (stating that the Pennsylvania Supreme Court has exclusive jurisdiction of appeals from final orders of the Commonwealth Court). The Magistrate Judge finds that Petitioner had adequate "remedies available to him, and that he has not shown either cause for his procedural default of his claim and actual prejudice, or that a fundamental miscarriage of justice will result if the court does not review his claim." (Doc. 11, p. 6), citing Favors v. Pa. Dep't of Corr., 2010 U.S. Dist. LEXIS 140228 (M.D. Pa. 2010) (Carlson, M.J.) (finding that a petitioner's failure to raise claims in the state court may "act as a procedural bar to federal consideration of his claims, unless the petitioner can show either 'cause

---

[2]Notably, Petitioner waited six (6) months to file a petition for review with the Pennsylvania Commonwealth Court, but the deadline to file such a petition was thirty (30) days from the date of the Board's decision. See Commonwealth v. Jones, 549 Pa. 58, 63 (Pa. 1997) (citing PA. R.A.P. 1512(a)).

and prejudice' or demonstrate a 'fundamental miscarriage of justice'"), adopted by, 2011 U.S.

Dist. LEXIS 5995 (M.D. Pa. 2011) (Caldwell, J.).  Magistrate Judge Blewitt concludes that

because Petitioner failed to exhaust state remedies, the habeas petition should be dismissed.

After review, this Court agrees with the R&R that Petitioner failed to exhaust available

remedies.  See Williams v. Wynder, 232 Fed. Appx. 177, 181 (3d Cir. 2007) (dismissing for

failure to exhaust because the petitioner failed to file a petition for allowance of appeal in the

Pennsylvania Supreme Court after the Commonwealth Court affirmed the Parole Board's

decision).  Additionally, Petitioner has failed to demonstrate cause for procedurally defaulting his

claims and/or actual prejudice, nor has he shown that failure to consider the claims will result in

a fundamental miscarriage of justice.  See Rivers v. McGrady, 2012 U.S. Dist. LEXIS 131433,

*21-23 (M.D. Pa. 2012) (Blewitt, M.J.) (finding that the petitioner did not show either cause for

procedurally defaulting his claim that the Board unlawfully recalculated his maximum sentence

date and actual prejudice, or that a fundamental miscarriage of justice will result), adopted by,

2012 U.S. Dist. LEXIS 131736 (M.D. Pa. 2012) (Mariani, J.); Bennett v. Rozum, 2008 U.S. Dist.

LEXIS 29606, *17-18 (M.D. Pa. 2008) (Jones, J.).

**B.      Petitioner's Habeas Claims Lack Merit**

The R&R states that because Petitioner failed to exhaust state remedies, the court is not

required to address the merits of his claims.  (Doc. 11, p. 4) (quoting 28 U.S.C. § 2254(b)(2)).

Nevertheless, the Magistrate Judge determines that the claims lack merit.

Magistrate Judge Blewitt finds that Petitioner's due process claim is not supported by the

record.  (Doc. 11, p. 7), citing Morissey v. Brewer, 408 U.S. 471, 481 (1972) (explaining the

extent of the process due to a parolee).  The Magistrate Judge concludes that the commission of a

7

criminal act while on parole violates the terms of parole pursuant to 61 Pa. C.S. § 6138. (Doc. 11, p. 8). Magistrate Judge Blewitt determines that "Petitioner waived his right to a parole revocation hearing and admitted to the conviction." (Id.). Further, Petitioner had appeal procedures available to him. (Id.). The R&R concludes that the due process claim does not have merit. (Id.). After review, this Court will adopt these findings.

The Magistrate Judge determines that Petitioner's Ex Post Facto claim also lacks merit. (Doc. 11, p. 9), citing Farmer v. McVey, 2011 U.S. Dist. LEXIS 19131, *17-18 (M.D. Pa. 2011) (Conaboy, J.) (holding that a plaintiff must show he was disadvantaged by a change in law or policy that has been given retrospective effect). Magistrate Judge Blewitt explains that contrary to Petitioner's argument, the Board did not include the escape charge when imposing back time. (Id.). Rather, the Board's decision to order twenty-four (24) months back time was based on Petitioner's state conviction on new drug charges. See Desarden, CP-35-CR-655-2011 (Lack. Ct. Com. Pl. filed March 10, 2011). Again, this Court agrees.

In Tucker, the district court considered a state prisoner's habeas claim that he was wrongfully returned to state custody years later to serve the remainder of his state sentence. Tucker v. Diguglielmo, 2011 U.S. Dist. LEXIS 37771 (E.D. Pa. 2011). Therein, the petitioner was sentenced by the state court in October 1994, to three (3) to six (6) years imprisonment. Id. However, service of his state sentence was interrupted when he escaped in October 1998. Id. At that time, the petitioner had almost two (2) years remaining on his sentence. Id. In March 1999, the petitioner was arrested on new federal charges. Id. In October 2001, the petitioner was sentenced in federal court to 140 months of imprisonment, with credit for time served following his arrest on the new charges. Id. Notably, the state's escape charges were subsequently

withdrawn. Id. In August 2009, at the conclusion of his federal sentence, the petitioner was transferred to state custody to serve the remainder of his 1994 state court sentence. Id. In the request for habeas relief, the petitioner argued that his return to state custody following the expiration of his federal sentence was improper because his state sentence was not supposed to run past October 2000. Id. The Tucker court concluded that because the petitioner's 1994 sentence was interrupted as a result of his escape, there was no merit to his claim that he was being unlawfully detained. Id., quoting Vega v. United States, 493 F.3d 310, 322 (3d Cir. 2007) (holding that a prisoner who escapes may not benefit from his misbehavior and, thus, he may not receive credit for time at liberty). Despite the petitioner's failure to exhaust, the district court dismissed his habeas claims on the merits. Id.

Here, Petitioner incorrectly claims that the Board unlawfully recalculated his maximum sentence and delayed imposing sanctions. The record clearly establishes that Petitioner was sentenced on June 27, 1997, to not less than twenty (20) months nor more than four (4) years, eleven (11) months, twenty-nine (29) days imprisonment. (Doc. 10; Att. 1). Service of that sentence was stayed on October 16, 1997, when Petitioner escaped. (Doc. 10, Att. 4, 7). He did not begin serving that sentence again until August 7, 2009, when Petitioner was returned to the Lackawanna County Prison after disposition of his federal charges. (Doc. 10, Att. 8). At that time, Petitioner's maximum sentence date was properly recalculated as November 15, 2012. (Id.). This recalculation was required regardless of any agreement reached on Petitioner's escape charges and, importantly, Petitioner suffered no additional consequences as a result of his escape. He was paroled on February 18, 2010, and while on parole was again arrested and convicted of state drug charges. (Doc. 10, Declaration of Suzanne Wilson); Desarden, CP-35-CR-655-2011

9

(Lack. Ct. Com. Pl. filed March 10, 2011). On June 17, 2011, approximately two (2) months after he pled guilty to the new state drug charges, the Board recommitted Petitioner on his 1997 conviction. (Doc. 10). As a result of his new state court conviction, Petitioner was ordered to complete the remaining time on his 1997 conviction, which amounted to twenty-four (24) months. (Id.). This decision was not based on Petitioner's escape or the federal case. Accordingly, the Board did not delay in imposing sanctions. Petitioner's claims lack merit and will be dismissed with prejudice.

## Conclusion

In the absence of objections and after review, this Court finds no error in the R&R. Magistrate Judge Blewitt correctly determines that Petitioner failed to exhaust state remedies and cannot excuse his procedural default. Petitioner did not file an administrative appeal of the Board's decision, nor a direct appeal to the Pennsylvania Supreme Court. Although Petitioner filed a petition for review in the Commonwealth Court, his petition was untimely and made in the wrong court. Further, he failed to appeal the Commonwealth Court's decision. Petitioner's claims are procedurally defaulted and he cannot show cause and prejudice or demonstrate a fundamental miscarriage of justice. Moreover, his claims lack merit. The Board correctly recalculated Petitioner's maximum date on his 1997 conviction to reflect the time his sentence was interrupted due to his escape. Once he was paroled in that case, Petitioner incurred a new state court conviction, which violated the terms of his parole. Therefore, the Board properly ordered Petitioner to serve the remainder of his back time on his 1997 sentence. This Court agrees with Magistrate Judge Blewitt that the Board's decision was not based on Petitioner's escape. Although this Court can dismiss the habeas corpus petition for failure to exhaust,

10

because the claims lack merit, the petition will be dismissed with prejudice. The R&R will be adopted.

A separate Order will be issued.

Date: February 1, 2013

United States District Judge